UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLEN CRAIG,

                  Plaintiff,

       v.

GETTY IMAGES (U.S.), INC. CNN AMERICA, INC., NBCUNIVERSAL MEDIA, LLC, AMERICAN BROADCASTING COMPANIES, INC., CBS NEWS, INC., FOX NEWS NETWORK, LLC, MSNBC CABLE, LLC, BBC WORLDWIDE AMERICAS, INC., CONDÉ NAST ENTERTAINMENT, LLC, HEARST COMMUNICATIONS, INC., PROMETHEUS GLOBAL MEDIA, LLC, ROLLING STONE, LLC, TIME, INC., THE NEW YORK TIMES COMPANY, BLOOMBERG L.P., NEW YORK DAILY NEWS COMPANY, OATH, INC. INFINITY 1 INCORPORATED and REDBUBBLE, INC.

                  Defendants.

Civil Case No. 17-CV-9916 (AJN)

**JOINT ANSWER**

      Defendants GETTY IMAGES (U.S.), INC., ("Getty Images"), CNN AMERICA, INC. ("CNNA"), NBCUNIVERSAL MEDIA, LLC ("NBC"), AMERICAN BROADCASTING COMPANIES, INC. ("ABC"), MSNBC CABLE LLC ("MSNBC"), BBC WORLDWIDE AMERICAS, INC. ("BBCWA"), CONDÉ NAST ENTERTAINMENT, LLC ("Condé Nast"), HEARST COMMUNICATIONS, INC. ("Hearst"), PROMETHEUS GLOBAL MEDIA, LLC ("Prometheus"), ROLLING STONE, LLC ("Rolling Stone"), TIME, INC. ("Time"), BLOOMBERG L.P. ("Bloomberg"), DAILY NEWS, L.P. (incorrectly sued as NEW YORK DAILY NEWS COMPANY) ("Daily News"), and OATH, INC. ("Oath"), (collectively, "Defendants"), by their undersigned counsel, hereby jointly answer the complaint of plaintiff

Glen Craig ("Plaintiff") in this action, dated December 19, 2017 (Dkt. No. 1) (the "Complaint"), as follows:

## NATURE OF THE ACTION

1.      Defendants state that the allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants deny the allegations but admit that the Complaint purports to be one for copyright infringement.

## JURISDICTION AND VENUE

2.      The allegations contained in Paragraph 2 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants admit that subject matter jurisdiction is appropriate in this Court.

3.      The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants admit that venue is proper in this Court.

## PARTIES

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and therefore deny same.

5.      Getty Images admits to the allegations contained in the first sentence of Paragraph 5 of the Complaint.  Getty Images admits that it owns and operates the website www.gettyimages.com, and that one segment of its business includes online stock photographs, but otherwise denies the allegations contained in the second sentence of Paragraph 5 of the Complaint.  The other Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and therefore deny same.

6.     CNNA admits that it is a Delaware corporation but denies that its principal place of business is located at One Time Warner Center, New York, NY 10019, but rather is located in Atlanta, Georgia.  CNNA denies the allegations contained in the second sentence of Paragraph 6 of the Complaint, and states that its parent company, Cable News Network, Inc. ("CNN, Inc."), owns and operates the cable news network *CNN* and the website www.cnn.com.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and therefore deny same.

7.     NBC admits that it is a Delaware limited liability company with a principal place of business located at 30 Rockefeller Plaza, New York, NY 10112.  NBC denies the remaining allegations contained in Paragraph 7 of the Complaint as stated.  NBC further states that it owns and operates a broadcast television network and the website located at www.nbcnews.com, and that certain television stations owned by it have broadcast *The Meredith Vieira Show*.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and therefore deny same.

8.     ABC admits to the allegations contained in Paragraph 8 of the Complaint.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and therefore deny same.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and therefore deny same.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and therefore deny same.

11.     MSNBC admits to the allegations contained in Paragraph 11 of the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint and therefore deny same.

12.     BBCWA admits to the allegations contained in the first sentence of Paragraph 12 of the Complaint.  BBCWA denies the allegations contained in the second sentence of Paragraph 12 of the Complaint, and states that BBCWA is a U.S. commercial distribution subsidiary that had nothing to do with the events alleged in the Complaint.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and therefore deny same.

13.     Condé Nast denies the allegations contained in Paragraph 13 of the Complaint with respect to the entity named as the defendant by Plaintiff, except admits that it is a Delaware limited liability company located at One World Trade Center, and states that an affiliate publishes *The New Yorker* and *GQ*.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint and therefore deny same.

14.     Hearst admits to the allegations contained in Paragraph 14 of the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and therefore deny same.

15.     Prometheus admits to the allegations contained in Paragraph 15 of the Complaint but denies that its address is 770 Broadway, 15th Floor, New York, NY 10003, and states that its

address is 340 Madison Avenue, 6th Floor, New York, NY 10173. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and therefore deny same.

16.     Rolling Stone admits to the allegations contained in Paragraph 16 of the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and therefore deny same.

17.     Time admits the allegations contained in the first sentence of Paragraph 17 of the Complaint and admits that it owns and operates the publication *Time*, and its website www.time.com, but denies the remaining allegations contained in the second sentence of Paragraph 17 of the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and therefore deny same.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and therefore deny same.

19.     Bloomberg admits the allegations contained in the first sentence of Paragraph 19 of the Complaint. Bloomberg denies the allegations contained in the second sentence of Paragraph 19 of the Complaint and states that Bloomberg operates Bloomberg News and has the rights to use the website www.bloomberg.com. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and therefore deny same.

20.     Daily News denies the allegations contained in Paragraph 20 of the Complaint, and states that it was improperly sued as New York Daily News Company, a long-defunct entity which does not have, and never had, any connection to the Daily News, as opposed to Daily News, L.P., a Delaware limited partnership which owns and operates *Daily News* and nydailynews.com.  Daily News further states that its address is not 220 E. 42nd St. New York, NY 10017, but rather is 4 New York Plaza, New York, NY 10004.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and therefore deny same.

21.     Oath admits the allegations contained in Paragraph 21 of the Complaint except denies that its principal place of business is located at 770 Broadway, New York, NY 10003. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and therefore deny same.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and therefore deny same.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and therefore deny same, and state that Redbubble is no longer a party to this action.

## FACTUAL BACKGROUND

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and therefore deny same.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint and therefore deny same.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint and therefore deny same.

27.     Paragraph 27 of the Complaint contains legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint and therefore deny same.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint and therefore deny same.  Defendants deny that the photographs at issue were "unpublished" and therefore deny the accuracy and validity of the defined term "Unpublished B.B. King Photographs" in Paragraph 28 and anywhere else it is referenced throughout the Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint and therefore deny same.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint and therefore deny same.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint and therefore deny same.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint and therefore deny same.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and therefore deny same.  Defendants further state that Exhibit 1 to the Complaint speaks for itself and deny any mischaracterization of same in the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint and therefore deny same.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint and therefore deny same.

36.     Paragraph 36 of the Complaint contains legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint and therefore deny same.

37.     Paragraph 37 of the Complaint contains legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of

the Complaint, and therefore deny same.  Getty Images further denies the allegations contained in the first sentence of Paragraph 37 of the Complaint.  Defendants state that the referenced article speaks for itself and deny any mischaracterization of same in the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, and therefore deny same.  Defendants state that the referenced article speaks for itself and deny any mischaracterization of same in the Complaint.  Getty Images further denies the allegations contained in footnote 3, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in footnote 3 and therefore deny same.

39.     Getty Images denies the allegations contained in Paragraph 39 of the Complaint, except admits that it purchased the Ochs Archive in 2007.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint and therefore deny same.

40.     Paragraph 40 of the Complaint contains legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint and therefore deny same.  Defendants further state that Exhibit 2 speaks for itself and deny any mischaracterization of same in the Complaint.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint and therefore deny same.  Additionally, based on a reasonable search, CNN, Inc. is only aware of the use of one photograph, not "several of the Unpublished B.B. King Photographs," as stated in Paragraph 41

of the Complaint, and none that were used in any televised news reports, and therefore CNNA denies the allegations contained in the last sentence of Paragraph 41.

42.     Defendants state that the exhibits listed in subparagraphs (a)-(r) of Paragraph 42 of the Complaint speak for themselves, deny any mischaracterization of same in the Complaint, deny that any of their uses were infringing or otherwise unlawful, and each respective Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the subparagraphs, and the accuracy of the referenced exhibits, that do not specifically apply to them.  Condé Nast further states that materials related to *GQ* are incorrectly included in Exhibit 11, which relates to Hearst, and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that it published the photograph as set forth in Exhibits 10 and 11 prior to May 15, 2015 and therefore denies same.  Time and Daily News further deny that they published the photographs as set forth in Exhibits 14 and 17, respectively, prior to May 15, 2015.  CNN further denies that the article represented in Exhibit 3 was published during the referenced time frame, and states that the article was, in fact, published on May 15, 2015.  Oath lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that it published the photograph as set forth in Exhibit 18 prior to May 16, 2015 and therefore denies same.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, including footnote 4, and therefore deny same.  Defendants deny that the photographs at issue were "infringed" and therefore deny the accuracy and validity of the defined term "Infringed B.B. King Photographs" in Paragraph 43 and anywhere else it is referenced throughout the Complaint.  Defendants

further state that Exhibit 21 to the Complaint speaks for itself and deny any mischaracterization of same in the Complaint.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint and therefore deny same, except Getty Images admits it purchased the Ochs Archive.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of Paragraph 45 of the Complaint and therefore deny same.  Getty Images denies the last sentence contained in Paragraph 45 of the Complaint, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of Paragraph 45 of the Complaint and therefore deny same.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 46 of the Complaint and therefore deny same.  Getty Images states that the remaining four sentences of Paragraph 46 of the Complaint simply purport to describe Exhibit 22, which Getty Images states speaks for itself, and denies any mischaracterization of same in the Complaint, but Getty Images denies that Exhibit 22 is a complete e-mail chain, as portions appear to be missing or redacted.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46 of the Complaint and therefore deny same.

47.     Getty Images lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Plaintiff "discovered," and denies that the photographs at issue were available for commercial use.  Getty Images states that it was offering the "Star Photo" and several additional photos of B.B. King (at least one of which was not even

Plaintiff's), not all of the photographs were licensed, and that the photographs were marketed and offered for editorial use only.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint and therefore deny same.

48.     Getty Images denies the first sentence of Paragraph 48, and states that $175 and $575 are two theoretically possible license fees, as are many other numbers, for hypothetical customers looking to license editorial images for commercial use on an a la carte basis.  Getty Images admits that Exhibit 23 is a screen shot of the Getty Images website, and denies any mischaracterization of same in the Complaint, but states that Exhibit 23 is misleading in connection with this paragraph and therefore denies the second sentence of Paragraph 48.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint and therefore deny same.

49.     Getty Images denies the allegations contained in Paragraph 49 of the Complaint, except admits that Exhibit 24 is a screen shot of the Getty Images website and shows a hypothetical license fee for a la carte commercial use of an editorial-only image, but states that Exhibit 24 does not represent what Plaintiff claims it represents, and is mischaracterized in the Complaint, particularly given that none of Plaintiff's photographs ever licensed for an amount approaching the numbers referenced in Paragraph 49.   The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint and therefore deny same.

50.     Getty Images denies the allegations contained in Paragraph 50 of the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint and therefore deny same.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint and therefore deny same, and Getty Images further denies the allegations contained in the first and penultimate sentences contained in Paragraph 51 of the Complaint, and states that the applicable license fees are known to Getty Images.  Defendants further state that Exhibit 25 to the Complaint speaks for itself and deny any mischaracterization of same in the Complaint.

52.     Getty Images admits that an attorney sent it a letter dated July 2, 2015, and states that Exhibit 26 speaks for itself, but denies any mischaracterization of same in the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint and therefore deny same.

53.     Getty Images denies the allegations contained in the first sentence of Paragraph 53 of the Complaint.  Getty Images lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 53 of the Complaint and therefore denies same, but states that such allegations contradict other assertions in the Complaint.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint and therefore deny same.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of Paragraph 54 of the Complaint and therefore deny same.  Getty Images denies the allegations contained in the last sentence of Paragraph 54, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Corbis, and therefore denies same.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in the last sentence of Paragraph 54 of the Complaint and therefore deny same.

55.     Getty Images denies the allegations contained in Paragraph 55 of the Complaint. The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of Paragraph 55 of the Complaint and therefore deny same.

56.     Getty Images denies the allegations contained in Paragraph 56 of the Complaint, except states that it is an industry leader in visual storytelling and content licensing.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of Paragraph 56 of the Complaint and therefore deny same.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. §§ 106, 501**
**(As to Getty)**

57.     Defendants repeat and reallege the responses set forth above as if fully set forth herein.

58.     The allegations contained in Paragraph 58 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint and therefore deny same.

59.     The allegations contained in Paragraph 59 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint and therefore deny same.

60.     The allegations contained in Paragraph 60 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint and therefore deny same.

61.     The allegations contained in Paragraph 61 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Getty Images denies the allegations contained in Paragraph 61 of the Complaint and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint and therefore deny same.

62.     The allegations contained in Paragraph 62 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Getty Images denies the allegations contained in Paragraph 62 of the Complaint and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint and therefore deny same.

63.     The allegations contained in the first two sentences of Paragraph 63 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Getty Images denies the allegations, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of Paragraph 63 of the Complaint and therefore deny same.  Defendants also lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the remaining sentences of Paragraph 63 of the Complaint and therefore deny same.

64.     Getty Images denies the allegations contained in Paragraph 64 of the Complaint, except states that it is an industry leader in visual storytelling and content licensing, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint and therefore deny same.

65.     Getty Images denies the allegations contained in Paragraph 65 of the Complaint, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint and therefore deny same.

66.     No response is required to Plaintiff's prayer for relief contained in Paragraph 66 of the Complaint, but to the extent any response is necessary, Defendants deny that Plaintiff is entitled to the prayed-for relief.

67.     The allegations contained in Paragraph 67 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants deny the allegations.

**SECOND CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. §§ 106, 501**
**(As to All Remaining Defendants)**

68.     Defendants repeat and reallege the responses set forth above as if fully set forth herein.

69.     The allegations contained in Paragraph 69 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint and therefore deny same.

70.     The allegations contained in Paragraph 70 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint and therefore deny same.

71.     The allegations contained in Paragraph 71 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Complaint and therefore deny same.

72.     The allegations contained in Paragraph 72 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants admit that they obtained the photographs from Getty Images, deny that their use of the photographs was unlawful, and otherwise deny the allegations.

73.     No response is required to Plaintiff's prayer for relief contained in Paragraph 73 of the Complaint, but to the extent any response is necessary, Defendants deny that Plaintiff is entitled to the prayed-for relief.

74.     The allegations contained in Paragraph 74 of the Complaint are legal conclusions to which no response is required, but to the extent any response is required, Defendants deny the allegations.

### Prayer for Relief

Plaintiff's Prayer for Relief requires no response, but Defendants deny that Plaintiff is entitled to any of the relief sought therein.

### AFFIRMATIVE DEFENSES

Defendants make the following allegations as affirmative defenses against the claims asserted against them without admission of liability, without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving

the right to assert and rely upon other defenses that become available or appear during the course of this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the three-year statute of limitations in 17 U.S.C. § 507(b), because Plaintiff was aware of the alleged infringements at least as of September 2014, when he sent his first "notice" to AP Music Ltd., yet he did not file his Complaint until December 19, 2017.  Further, this case concerns images that were taken as early as 1969 and had been publicly distributed for decades as publicity stills and promotional materials, and it is implausible that Plaintiff was not aware of the alleged unlicensed uses many years, if not decades, ago.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and acquiescence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches for the same reasons stated in the First Affirmative Defense, *i.e.*, that Plaintiff's photographs have been published and distributed for decades without any action by Plaintiff, and Defendants have been prejudiced as a result of Plaintiff's decision to sit on his rights.

## FOURTH AFFIRMATIVE DEFENSE

The photographs at issue are in the public domain because they were published and/or distributed without proper notice with the knowledge and/or consent of Plaintiff, and/or the copyrights in the Photographs were not properly registered or renewed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's copyright registrations and/or renewals are defective or otherwise invalid and therefore Plaintiff has no standing to sue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages or attorney's fees under 17 U.S.C. § 505 because the photographs at issue were not timely registered (if they were properly registered at all).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not validly own the photographs at issue in this case and therefore has no standing to sue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief may be granted under FRCP 12(b)(6).

## NINTH AFFIRMATIVE DEFENSE

The Complaint is defective in that it contains insufficient allegations pertaining to personal jurisdiction.

## TENTH AFFIRMATIVE DEFENSE

Defendants had an implied license to use the photographs, including to copy, display, distribute, license, or offer them for license.

## ELEVENTH AFFIRMATIVE DEFENSE

Getty Images reasonably relied on representations and warranties provided by Michael Ochs, in the contract for purchase for value, of his archive and on its contributor agreement with Charlie Gillett for distribution of that content.  Getty Images acted in good faith and without knowledge or notice of any allegedly adverse interest of any other person or entity, including Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim as to BBCWA, as BBCWA is the wrong party to this action; as a U.S. commercial distribution subsidiary, it does not own or operate any of the channels, websites, or social media accounts referenced in the Complaint and therefore has no connection to the allegedly infringing uses of Plaintiff's photographs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim as to Condé Nast, as Condé Nast is the wrong party to this action; it does not own or operate the listed publications, websites, or related social media accounts referenced in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants other than Getty Images reasonably relied on representations and warranties provided by Getty Images that those Defendants' use of content obtained from Getty Images would not infringe on any third party's copyrights.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or any recovery are barred in whole or in part because Plaintiff has failed to mitigate or eliminate his damages, if he in fact suffered any damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statutory immunity granted to service providers under the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained damages as a result of any act or omission by Defendants or attributable to Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were wholly or in part the legal fault of

persons, firms, corporations, or entities other than Defendants, and this legal fault reduces the

percentage of responsibility, if any, to be borne by Defendants.

Respectfully submitted,

Dated: New York, New York          COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
June 30, 2018


By:  /s/Nancy E. Wolff
     Nancy E. Wolff
     Scott J. Sholder
     41 Madison Avenue, 38th Floor
     New York, New York 10010
     Tel.: (212) 974-7474
     Fax: (212) 974-8474
     nwolff@cdas.com
     ssholder@cdas.com


*Attorneys for Defendants Getty Images (U. S.), Inc.; CNN America, Inc.; NBCUniversal Media, LLC; American Broadcasting Companies, Inc.; MSNBC Cable LLC; BBC Worldwide America, Inc.; Conde Nast Entertainment, LLC; Hearst Communications, Inc.; Prometheus Global Media, LLC; Rolling Stone, LLC; Time, Inc.; Bloomberg, L.P.; Daily News, L.P. (incorrectly sued as New York Daily News Company), and Oath, Inc.*

PARNESS LAW FIRM, PLLC

By: /s/Hillel I. Parness
    Hillel I. Parness
    136 Madison Ave., 6th Floor
    New York, NY  10016
    Tel.:  212-447-5299
    hip@hiplaw.com


*Attorneys for Defendant Time, Inc.*

21